# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| DONELL C. GROSS, | ) |
| Plaintiff, | ) |
| v. | ) CV417-138 |
| PREICT OFFICERS, *et al.*, | ) |
| Defendants. | ) |

## REPORT AND RECOMMEDATION

*Pro se* plaintiff Donell C. Gross has filed this action, apparently, to recover property. *See* doc. 1 at 3-5. He also seeks leave to proceed *in forma pauperis* (IFP). Doc. 2. Since he appears to be indigent, the Court **GRANTS** his request. It, therefore, proceeds to screen his Complaint. *See* 28 U.S.C. § 1915(e).

Gross' Complaint must be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Gross has not identified any defendant -- he lists "Preict officers, strangers, [and] non Precint Officers." Doc. 1 at 1. Although the Court might assume he intends to name officers of a particular police *precinct*, his substantive allegations provide no help in identifying a possible defendant. *See* doc. 1 at 3-4. His allegations are largely incoherent, although they do indicate that he seeks to have his

"property unseized by the SCMPD." *Id.* at 3. There is no indication of what property was seized, when, or why. The further allegations, in unedited form, that Gross "was the owner of the Savannah Precint SCMPD," and "the owner of the planet and came from NASA after being exalt from there planet," make it clear that his claims are not grounded in reality, and subject to immediate dismissal.

Complaints, such as this one, that lack an arguable factual or legal basis are subject to immediate dismissal under § 1915(e)(2)(B)(i) as a frivolous claim on the Court's time. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (the statutory obligation to dismiss "frivolous" claims empowers a federal court not only to dismiss claims resting upon "'an indisputably meritless legal theory'" but also "'those claims whose factual contentions are clearly baseless'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Such claims include those that describe "'fantastic or delusional scenarios, claims with which federal judges are all too familiar.'" *Id.* (quoting *Neitzke*, 490 U.S. at 328). Plaintiff's factual allegations, to the extent that they are discernable at all, "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Therefore, his Complaint should be **DISMISSED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C.

§ 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __25th__ day of July, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA